IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 7 |
| Valarie Stowe, | ) | No. 05 B 10482 |
| | ) | Honorable Bruce W. Black |
| Debtor, | ) | |
| | ) | |
| | ) | |
| Deborah K. Ebner, Chapter 7 Trustee, et al., | ) | |
| Plaintiffs, | ) | Adv. No.  05 A 01319 |
| | ) | |
| vs. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, | ) | |
| as Trustee, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Memorandum Opinion**
**Containing Proposed Findings of Fact**
**and Conclusions of Law**
**Pursuant to Fed. R. Bankr. P. 9033**

**Procedural Background and Parties**

This adversary proceeding is before the court on Founders Bank's motion to dismiss
counts I and II of the complaint or, in the alternative, for summary judgment on them, and on the
plaintiffs' cross-motion for summary judgment on counts I and II. The issues raised in the
motions have been thoroughly briefed, and the motions were taken under advisement. Now
being fully advised in the premises, and for the reasons that follow, the court will recommend to
the District Court:  (1) that two of the plaintiffs, Nicole Bowden and Claudia Brown, be
dismissed for lack of subject matter jurisdiction; (2) that the motion to dismiss be granted in part;
and (3) that Founders Bank's motion for summary judgment be granted and the plaintiffs' cross-

1

motion be denied.

The original plaintiffs—Nicole Bowden, Claudia Brown, and Valarie Stowe—filed their complaint in the Circuit Court of Cook County, Illinois, asserting multiple counts against a lengthy list of defendants who may possess an interest in the parcel of real estate at the center of this dispute. Included among the defendants is Founders Bank. The fifth amended complaint is currently pending. Count I of the complaint seeks to quiet title to real estate that was once held by one of the plaintiffs, chapter 7 Debtor Valarie Stowe, and her husband, Ronald, pursuant to a land trust agreement with Chicago Title and Trust Company (Chicago Title). Count II is an ejectment action. Other counts—for injunctive relief, fraud, conspiracy, negligence, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act—are not affected by these motions.

The original plaintiffs filed their complaint in their individual capacities as well as on behalf of Chicago Title. Deborah Ebner, the chapter 7 trustee assigned to Valarie's bankruptcy case (the Trustee), was eventually made a defendant in state court. She then removed the case to the United States District Court for the Northern District of Illinois. On the Trustee's motion, over Founders Bank's objection, the District Court transferred the case to the bankruptcy court. Subsequently an order was entered granting the Trustee's request to substitute as plaintiff in place of Valarie and adopt her pleadings and her filings in response to the motion for summary judgment. Accordingly, Valarie is no longer a plaintiff herein, and the Trustee is asserting these causes of action as assets of the bankruptcy estate, both as successor to Valarie's interest and on behalf of Chicago Title. Although Plaintiffs Bowden and Brown are alleged to be beneficial owners of the property under the land trust agreement, the filings fail to identify what connection they have to Valarie's bankruptcy case. Chicago Title has been allowed to intervene as an additional plaintiff in counts I, II, and III. The court notes that none of the defendants named in

2

the complaint have filed an answer.[1]  No defendant besides Founders Bank has responded to the

plaintiffs' motion for summary judgment.

### Procedural Standards

Although Founders Bank's motion to dismiss fails to cite any procedural rule as its basis,

the court will apply Rule 12(b) of the Federal Rules of Civil Procedure, as made applicable to

adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  Based on

the allegations in the motion, the court concludes that Founders Bank is seeking dismissal for the

plaintiffs' failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The applicable standard for considering a motion to dismiss under Rule 12(b)(6) requires the

court to take all well-pleaded facts as true and construe the pleadings and all reasonable

inferences drawn from the pleadings in a light most favorable to the non-moving party. *Prince v.

Rescorp Realty,* 940 F.2d 1104 (7th Cir. 1991); *Janowsky v. United States,* 913 F.2d 393 (7th Cir.

1990); *Rogers v. United States,* 902 F.2d 1268 (7th Cir.1990).  If a court considers matters

outside the pleadings on a motion to dismiss based on Rule 12(b)(6), "the motion shall be treated

as one for summary judgment and disposed of as provided in Rule 56 [of the Federal Rules of

Civil Procedure]." Fed. R. Civ. P. 12(b)(6); *Gale v. Hyde Park Bank,* 384 F.3d 451, 452 (7th

Cir. 2004).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, incorporated into bankruptcy

proceedings by Rule 7056 of the Federal Rule of Bankruptcy Procedure, summary judgment must

be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported

---

[1] Defendant Murray Title Agency, LLC,  was given permission to file an answer on July
29, 2005,  but has not done so.  Founders Bank has contested the jurisdictional allegations in the
fifth amended complaint, but it has not filed an answer.

3

claims, a party must respond to a summary judgment motion with evidence setting forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Michael v. St. Joseph County,* 259 F.3d 842, 845 (7th Cir. 2001). To defeat a motion for summary judgment, the opposing party must do more than raise a "metaphysical doubt" as to the material facts, and instead must present definite, competent evidence to rebut the motion. *Id.* A court must grant a motion for summary judgment if there is no genuine issue as to any material fact. *Fritcher v. Health Care Serv. Corp.,* 301 F.3d 811, 815 (7th Cir. 2002). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* Factual disputes that are irrelevant or unnecessary will not be counted. *Id.* All the facts and all reasonable inferences therefrom are to be drawn in favor of the nonmoving party. *Id.* The pendency of cross motions for summary judgment does not require that one of the motions be granted. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720 (3d ed. 1998). Each motion must be evaluated independently.

Although the standards used to measure the merits of the two pending motions differ, the parties have nonetheless meshed their various arguments in such a way that they attempt to address both motions. The most significant difference between the two motions lies in what materials the court can rely upon in making its ruling. For the sake of simplicity and clarity, the court sets forth the following facts, most of which are undisputed.

### Facts

On August 25, 1989, Valarie Stowe and her husband, Ronald Stowe, purchased real property located in Cook County, Illinois, commonly known as 4348 West Monroe, Chicago, Illinois. (Pl. Am. Statement of Mat. Facts ¶ 7; Founders Am. Resp. Pl. Mat. Facts ¶ 7). A multi-unit building presently occupies this tract of land. (*Id.*)

4

On July 25, 1994, Valarie and Ronald executed a Quit Claim Deed in Trust conveying title to the property to the Chicago Title as trustee under the provisions of a land trust agreement. (Pl. Am. ¶ 8; Founders Am. Resp. ¶ 8; Pl. Ex. 4). The Cook County Recorder of Deeds (the Recorder) properly recorded the Quit Claim Deed in Trust on August 24, 1994. (*Id.*) As the beneficiaries of the land trust agreement, Valarie and Ronald's interest consisted of:

> (1) the power to direct the trustee to deal with title to the property; (2) the power to manage, possess, use and control the property; and (3) the right to receive earnings, avails and proceeds from leases and other uses and from mortgages, sales and other dispositions of the property.

(Pl. Ex. 5, at ¶ 1). They were also entitled to:

> have the sole possession, management and control of the selling, renting, repairing, maintaining and handling of the property and the trustee shall have no right or duty in respect to any such matters.

(*Id.* at ¶ 14). The agreement also provided that the trustee would not be obligated to "prosecute or defend any legal proceeding involving this trust of the property unless it shall elect to do so . . ." (*Id.* at ¶ 6).

Around December 2001, Valarie and Ronald were interested in selling the property. (Pl. Am. ¶ 9 & 10(a); Founders Am. Resp. ¶ 9 & 10(a).) Valarie contacted Defendant Benjamin Randle and told him that she was trying to sell the property. (Founders Add'l ¶ 29 & Pl. Am. Resp. Add'l ¶ 29). Defendant Randle represented to Valarie and Ronald that he had located a potential buyer for the property, Defendant Eugene Williams. (Pl. Am. ¶ 10(a); Founders Am. Resp. ¶ 10(a).) Sometime in March 2002, Defendant Williams represented at the closing that his intent was to purchase the real estate property from Valarie and Ronald for $160,000. (Pl. Am. ¶ 11; Founders Am. Resp. ¶11).

The main disputes between the parties center on what happened at the March 2002 closing and whether Valarie and Ronald signed a real estate contract to sell the property.

5

(*Compare* Founders Add'l ¶ 28 & Pl. Am. Resp. Add'l ¶ 28). This disagreement notwithstanding, the plaintiffs do admit that Valarie and Ronald signed a series of documents in connection with the closing. (Founders Add'l ¶ 33 & Pl. Am. Resp. Add'l ¶ 33). At no time did Valarie or Ronald authorize any defendant to execute any documents on their behalf. (Pl. Am. ¶ 13 & Founders Bank Am. ¶ 13).

Prior to March 2002, Valarie and Ronald were the only non-contingent beneficiaries of the land trust. (Founders Statement of Add'l Mat. Facts ¶ 25 & Pl. Am. Resp. Add'l ¶ 25). Neither Valarie nor Ronald has been in possession of the property since March 2002. (Founders Add'l ¶ 47, Pl. Am. Resp. Add'l ¶ 47 & Founders Ex. 3 at 44). Prior to the closing, Valarie and Ronald owed approximately $90,000 in loans secured by the property. (Founders Add'l ¶ 43 & Pl. Am. Resp. Add'l ¶ 43). Valarie and Ronald received a check for $2,500 from the March 2002 closing. (Founders Add'l ¶ 38 & Pl. Am. Resp. ¶ 38). Neither Valarie nor Ronald communicated to Defendant Williams that the property was subject to a land trust or that they were merely beneficiaries under the agreement. (Founders Add'l ¶ 39 & Pl. Am. Resp. Add'l ¶ 39).

At the closing, Defendant Williams received a Warranty Deed as grantee that purported to transfer Valarie and Ronald's interest in the property to Williams. (Pl. Am. ¶ 14; Founders Am. Resp. ¶ 14 & Pl. Ex. 9). Neither Valarie nor Ronald was the legal titleholder to the property. (Pl. Am. ¶ 14; Founders Am. Resp. ¶ 14). In the same month as the closing, Defendant Williams mortgaged the property to Defendant Gateway Financial Corporation. (Pl. Am. ¶ 15, Founders Am. Resp. ¶ 15 & Pl. Ex. 10). The mortgage note was later assigned to JP Morgan Chase Bank (Chase). (Pl. Am. ¶ 16 & Founders Am. Resp. ¶ 16).

On September 23, 2002, Valarie and Ronald jointly filed a petition for chapter 7 bankruptcy relief. Valarie's bankruptcy case was split from Ronald's on March 4, 2005. There is a dispute between the parties about Ronald's current whereabouts and whether he is alive.

On October 23, 2002, a *lis pendens* was recorded by the Recorder purporting to give notice of a foreclosure proceeding initiated by Chase against Defendant Williams. (Pl. Am. ¶17 & Founders Am. Resp. ¶ 17). On May 25, 2004, a Judicial Sale Deed was recorded by the Recorder showing Chase had obtained title to the foreclosed property. (Pl. Am. ¶ 19, Founders Am. Resp. ¶ 19 & Pl. Ex. 12). In addition to the deed to Chase, several judgments and liens were recorded by the Recorder against Defendant Williams including liens in favor of the City of Chicago and the State of Illinois. (Pl. Am. ¶ 20, Founders Am. Resp. 20 & Pl. Ex. 16-20). On August 19, 2004, a Special Warranty Deed conveying Chase's interest in the property to Founders Bank was recorded by the Recorder. (Pl. Am. ¶ 19, Founders Am. Resp. ¶ 19 & Pl. Ex. 13.)

Upon the filing of the original complaint in state court, a *lis pendens* notice concerning the lawsuit was recorded by the Recorder on September 8, 2004. (Pl. Am. ¶ 21, Founders Am. Resp. ¶ 21 & Pl. Ex. 8). Despite the *lis pendens* notice, a Trustee's Deed was later recorded by the Recorder reflecting Founders Bank's conveyance of the property as grantor to Ms. Lakeya Taylor as grantee. (Pl. Am. ¶ 22, Founders Am. Resp. ¶ 22 & Pl. Ex. 14). Additionally, Ms. Taylor obtained a mortgage on the property that was recorded by the Recorder on January 7, 2005. (Pl. Am. ¶ 23, Founders Am. Resp. ¶ 23 & Pl. Ex. 15). Ms. Taylor and her mortgagee have not been made defendants herein.

## Plaintiffs' Argument

The plaintiffs' argument in support of summary judgment is premised on the assertion that a fraudulent closing occurred on March 1, 2002, at which a warranty deed, which listed Valarie and Ronald as grantors, was given to Defendant Williams. The plaintiffs contend that they are entitled to summary judgment as a matter of law because that warranty deed did not convey title to the property to Defendant Williams because legal title to the property was held by Chicago Title as trustee of the land trust. According to the plaintiffs, Chicago Title has never

7

executed any documents conveying title to the property to any of the named defendants or to any one else. The only interest Valarie and Ronald held in the property at the time of the closing was a beneficial interest. Therefore, the purported deed from them to Defendant Williams was not effective to transfer any interest in the property. Accordingly, they argue, any document that relies on Defendant Williams' legal interest in the property has no legal force or effect. Possession of the property, they argue, should therefore be restored to the plaintiffs, consistent with the land trust created by Valarie and Ronald in 1994. The net result would be that the Trustee would hold the beneficial interest in the property, subject to the rights of the chapter 7 trustee in Ronald's chapter 7 case. Ms. Taylor, Defendant Williams, and the banks would be left without any interest in the property. Their only claims would lie against each other and the remaining defendants.

### Founders Bank's Argument

Founders Bank poses a number of arguments in support of its motion to dismiss, or in the alternative, its motion for summary judgment. Initially, Founders Bank took issue with Valarie's standing to pursue these claims because they represent estate property that may only be brought by the Trustee. The Trustee has, however, adopted Valarie's cause of action and her pending motion for summary judgment on behalf of the bankruptcy estate, so the standing argument regarding Valarie is moot. The bank additionally argues: (1) that Plaintiffs Bowden and Brown lack standing to pursue these claims because their interests in the property are contingent; (2) that the plaintiffs hold no title to the property and are thus foreclosed from suing to quiet title; and (3) that the plaintiffs may not sue on behalf of Chicago Title, the land trustee.

Founders Bank also challenges the plaintiffs' primary legal position, arguing that the plaintiffs may not challenge the March 2002 conveyance by relying on the fact that Valarie and Ronald were merely beneficiaries of a land trust and did not hold title to the property. Founders Bank argues that sellers may not challenge a conveyance based on their beneficiary status if they

8

did not disclose that status to the buyer, because the plaintiffs would be unjustly enriched if granted relief under the equitable remedy sought. Founders Bank additionally contends that the plaintiffs have not proven the necessary elements for quiet title or ejectment.

## DISCUSSION

### I. Jurisdiction

Before addressing the substance of the arguments posed in the motions, the court will address the question of subject matter jurisdiction over the issues raised in this adversary proceeding. Although this issue was not addressed by the parties, federal courts have an independent duty to ensure that its subject matter jurisdiction is proper. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004); Fed. R. Civ. P. 12(h)(3). This duty applies not only to matters initially filed in federal court but also to those matters that have been removed from state court to federal court. *Id.* When deciding whether dismissal is proper due to a lack of subject matter jurisdiction, a court is not limited to the jurisdictional allegations in the complaint but may review matters outside the pleadings. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

Subject matter jurisdiction is defined as "the court's authority to hear a given type of case." *U.S. v. Morton*, 467 U.S. 822, 828 (1984). Bankruptcy jurisdiction is more restricted than federal jurisdiction in general. Section 1334(b) of title 28 of the United States Code is the statutory grant of jurisdiction for matters associated with a bankruptcy case. Section 1334(b) provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." At its discretion, a district court may refer these matters to the bankruptcy judges in the district. 28 U.S.C. § 157(a).

A bankruptcy judge has jurisdiction to hear and enter final orders in cases under title 11 and core proceedings "arising under title 11, or arising in a case under title 11." 28 U.S.C. §

9

157(b)(1). Additionally, a bankruptcy judge may hear and submit proposed findings of fact and conclusions of law to the district court in a proceeding that is non-core but otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1).

After removal to the District Court, the plaintiffs did not amend the complaint to address federal jurisdiction in general or the unique jurisdictional structure of bankruptcy courts. At the court's request, the fifth amended complaint was filed to correct this deficiency. The plaintiffs now assert "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b), arguing that this adversary proceeding is related to Valarie's bankruptcy. They also assert that this adversary proceeding is a core matter under 28 U.S.C. § 157(b)(2)(A), arguing that it "relates to the size, content and nature of the estate therefore effecting [sic] the administration of the estate." (Fifth Amend. Complaint, at ¶ 4). Founders Bank disputes the core matter allegation.

The parties agree that the causes of action alleged in the plaintiffs' complaint arise under Illinois law and not under a provision of the Bankruptcy Code or another federal statute. Although a satisfactory argument can be made that the Trustee's cause of action on behalf of Valarie may be related to her bankruptcy case, the same is not true for the claims of Plaintiffs Bowden and Brown. According to the terms of the land trust agreement,[2] any "right, title or interest" they may possess in the property would vest upon the death of the surviving trust beneficiary --either Valarie or Ronald. (Pl. Ex. 5). Moreover, their "interest" under the trust is contingent and only vests if the property has not been "previously assigned or otherwise disposed" upon the survivor's death. (Id). Assuming arguendo that Plaintiffs Bowden and Brown have standing to bring their suit under state law, their rights are subject to Valarie and Ronald's interests in the property. To the extent Valarie is able to recover, their status as

---

[2] The court may consider the agreement for this purpose. Ezekiel v. Michel, 66 F.3d at 897. The court may not consider the agreement when ruling on the motion to dismiss. See the last sentence of Fed. R. Civ. P. 12(b). The court may consider it when considering the cross-motions for summary judgment.

10

contingent beneficiaries will have no impact on Valarie's bankruptcy estate. *See Leahy v. Leahy-Schuett*, 211 Ill. App. 3d 394, 400, 570 N.E.2d 407, 411 (1st Dist. 1991) (court held that a contingent interest under land trust was not a claim on the real property but an expectancy interest because the beneficiary was free to change the contingent beneficiary). Moreover, for them to recover Valarie would have to be dead, in which case her bankruptcy case would be over. Therefore, their interests will never affect the bankruptcy estate. This court therefore concludes that it lacks subject matter jurisdiction to resolve the causes of actions asserted by Plaintiffs Bowden and Brown in the pending adversary proceeding, because their interests are not "related to" the bankruptcy case as that term is interpreted by the Seventh Circuit. The court *sua sponte* recommends that the District Court dismiss them as plaintiffs for lack of subject matter jurisdiction.

This court concludes that it does have jurisdiction over the claims brought by the Trustee on behalf of Valarie and Chicago Title but that these claims are not core proceedings. In *Barnett v. Stern*, 909 F.2d 973 (7th Cir. 1990), the Court of Appeals for the Seventh Circuit adopted the following test for determining whether a proceeding is core or non-core under 28 U.S.C. § 157:

> [A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. ... If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

*Id.* at 981. The causes of action here do not arise under the Bankruptcy Code. They arise under Illinois law. The causes of action could (and did before removal) exist outside of bankruptcy. Moreover, it is not sufficient simply to assert that a matter which is related to the bankruptcy case therefore affects administration of the bankruptcy estate. *Airline Pilots Ass'n v. Pension Benefit Guaranty Corp. (In re United Airlines, Inc.)*, 337 B.R. 904, 909 (N.D.Ill. 2006). Accordingly, this is not a core proceeding.

11

Because these claims may have an impact on the size of Valarie's bankruptcy estate by increasing the amount of property available for distribution to creditors, they fall within the category of non-core but "otherwise related," thereby invoking this judge's jurisdiction under 28 U.S.C. § 157. *See generally Celotex Corp. v. Edwards*, 514 U.S. 300 (1995).

Absent the parties' consent, bankruptcy judges cannot issue final orders in non-core proceedings that are related to a bankruptcy case. 28 U.S.C. § 157(c)(2); Northern District of Illinois Internal Operating Procedures 15(a). In such matters, a bankruptcy judge is limited to submitting proposed findings of fact and conclusions of law to the district court. Because the parties have not consented to this court issuing final orders in this adversary proceeding, this court submits these proposed findings of fact and conclusions of law with respect to the pending motions to the district court for *de novo* review and final adjudication.

## II. Founders Bank's Motion to Dismiss

Founders Bank has moved to dismiss counts I and II of the complaint. Count I of the complaint seeks to quiet title to the property. Under Illinois law, an action to quiet title is an "equitable proceeding wherein a party seeks to settle a dispute over ownership of property or to remove a cloud upon his title to the property." *Lakeview Trust & Sav. Bank v. Estrada*, 134 Ill. App. 3d 792, 811, 480 N.E.2d 1312, 1327 (1st Dist. 1985). *See also Illinois Dist. Of Am. Turners, Inc. v. Rieger*, 329 Ill. App. 3d 1063, 1072, 770 N.E.2d 232, 239 (2nd Dist. 2002) ("[T]o constitute a cloud[,] there must be a semblance of title which is, in fact, unfounded and which casts a doubt upon the validity of the record title.") (quoting *Hill v. 1550 Hinman Ave. Bld. Corp.*, 6 N.E.2d 128, 130 (1936)). Generally, a plaintiff suing to remove a cloud from a title must show that the land was in the plaintiff's possession "unless the property at issue is vacant and undeveloped or other grounds of equitable relief such as mistake or fraud are established." *Lakeview Trust & Sav. Bank*, 480 N.E.2d at 1327 (citations omitted). *See also Barger v. Slayden*, 103 N.E.2d 645, 647 (Ill. 1952) ("It is fundamental that a bill to quiet title must show

12

either that plaintiff is in possession or that the property is unoccupied in order to invoke proper equitable jurisdiction unless some other ground for equitable relief is shown.").

Additionally, a plaintiff cannot claim a cloud on title absent proof of legal title to the land. *See Klingel v. Kehrer*, 81 Ill. App. 3d 431, 439, 401 N.E.2d 560, 567 (5th Dist. 1980) (plaintiffs are only entitled to sue to quiet their title once legal title to the land has been acquired). *See also Aebischer v. Zobrist*, 56 Ill. App. 3d 151, 154, 371 N.E.2d 1003, 1005 (5th Dist. 1997) (same); *North Comm. Bank v. Aetna Bank*, 200 Ill. App. 3d 350, 352, 558 N.E.2d 112, 114 (1st Dist. 1990) (same); *LaSalle Nat'l Bank v. Kissane*, 163 Ill. App. 3d 534, 540, 516 N.E.2d 790, 793 (1st Dist. 1987) (same). "Where a plaintiff demonstrates less than perfect title, the title held by the defendant may be considered, and the plaintiff may still prevail if able to demonstrate superior title." *Diaz v. Home Fed. Sav. & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 726, 786 N.E.2d 1033, 1039 (2nd Dist. 2002). While a plaintiff need not establish perfect title to the property, suit is nonetheless barred where no showing of title to the property can be demonstrated. *See id.* Count II of the complaint is an ejectment action. The purpose of an ejectment action is to obtain possession of land. *Bulatovic v. Dobritchanin*, 252 Ill.App.3d 122, 128, 625 N.E.2d 26, 31 (1st Dist. 1993). This necessitates a determination of which party holds legal title to the property. *Id.* at 31-32. However, a defendant cannot be ejected from the property if his possession is lawful even though the plaintiff holds an interest in the property that is higher and better than the defendant's claim. *See id.* at 32 (defendant could not be ejected despite allegation that signature of joint tenant seller was forged since no similar allegation was made of the remaining joint tenant's signature).

The necessary elements of an ejectment action in Illinois are prescribed by statute and require the plaintiff to establish "(1) that it had possession of the subject premises after obtaining legal title, (2) that defendant subsequently took possession of the premises, and (3) that, at present, the defendant unlawfully withholds from the plaintiff the possession thereof." *Cree Dev.*

13

*Corp. v. Mid-America Adver. Co.*, 294 Ill. App. 3d 324, 330, 689 N.E.2d 1148, 1151 (5th Dist. 1997) (quoting *Bulatovic v. Dobritchanin,* 625 N.E.2d 26 (1993)); 735 ILCS 5/6-109. Absent proof of each element, an ejectment action must fail. The Illinois statute further provides that:

> No person shall recover in ejectment unless he or she has, at the time of commencing the action, a valid subsisting interest in the premises claimed, and a right to recover the same, or to recover the possession thereof, or of some share, interest or portion thereof, to be proved and established at the trial.

735 ILCS 5/6-104. *See e.g., Cree Dev. Corp.,* 294 Ill. App. 3d at 330 (court held that ejectment action could not be pursued where plaintiff obtained title to the property after the action was commenced).

As noted at the outset, for the purposes of a 12(b)(6) motion to dismiss, the court need only concern itself with the sufficiency of the pleadings and whether the plaintiff can prove a set of facts that would warrant relief on her claims. The court concludes that even if all the allegations stated in the complaint are true, and all reasonable inferences are drawn in a light favorable to the Trustee, dismissal of counts I and II, with respect to her claims on behalf of the estate, is nevertheless warranted.

The general rule under federal notice-pleading is that a plaintiff need not allege specific facts or even all the elements of a cause of action. A complaint is sufficient "if any facts *consistent with its allegations,* and showing entitlement to prevail, could be established by affidavit or testimony at trial." *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis added). This statement of the general rule contains the seed for an exception to it: "The consistency proviso is why some complaints may be dismissed pronto: litigants may plead themselves out of court by alleging facts that defeat recovery." *Id.*

14

Because the complaint was first filed in state court, asserting a state court cause of action, it contains many more allegations than would be required under the federal rules of pleading. One of these allegations (that legal title to the property lies with Chicago Title), when coupled with the applicable rule of substantive Illinois law (that only holders of legal title may sue to quiet title), leads to the inescapable conclusion that the Trustee has pleaded herself out of court on count I to the extent it asserts a cause of action on behalf of the bankruptcy estate.   As we have seen, in order to maintain a cause of action to quiet title, a plaintiff must hold legal title to the property.   The allegations set forth in the complaint specifically state that Valarie and Ronald conveyed legal title to the property to Chicago Title in 1994, well prior to the March 2002 closing.   (Third Amend. Complaint, at ¶¶ 18, 33 & 35).   Additionally, the Trustee alleges that Chicago Title "has full legal and equitable title and interest in the Property, making Chicago Title the absolute owner of the Property."   (Id. at ¶ 35).   Under Illinois case law, a trustee which holds property pursuant to a land trust holds "legal and equitable title to the real estate subject to full powers of direction and control in the trust beneficiaries." *Heritage County Bank & Trust Co. v. State Bank of Hammond*, 198 Ill. App. 3d 1092, 1097, 556 N.E.2d 747, 750 (1st Dist. 1990). "The interest retained by the beneficiaries, including any power to direct the sale of real property, is a personal property interest rather than a real property interest in the legal or equitable title." *Hoxha v. LaSalle Nat'l Bank*, 365 Ill. App. 3d 80, 87, 847 N.E.2d 725, 730 (1st Dist. 2006) (citing *LaSalle Bank, N.I. v. First American Bank*, 316 Ill. App. 3d 515, 524, 736 N.E.2d 619, 627 (1st Dist. 2000)).   Neither Valarie nor Ronald held a legal or equitable interest in the property once it was conveyed to Chicago Title. *See e.g., First Options of Chicago, Inc. v. Stellings*, 215 Ill. App. 3d 1093, 1097, 576 N.E.2d 103, 105-106 (1st Dist. 1991); *LaSalle Bank N.I.*, 736 N.E.2d at 626.   The Trustee admits that Valarie lacks legal title to the property. Therefore, the Trustee has no claim to legal title on behalf of the estate.   Absent legal title, the Trustee cannot maintain an action to quiet title. *See e.g., Western Nat. Bank of Cicero v.*

15

*Moenning*, 224 Ill. App. 3d 67, 77, 586 N.E.2d 412, 417-18 (1st Dist. 1991) (court affirmed

lower court's dismissal of plaintiff's quiet title action against a defendant to whom he had

previously assigned 100% of his beneficial interest in a land trust because he had "no legal,

tangible interest sufficient to sustain an . . . action to clear title."). [3]

  Despite this requirement regarding legal title, at least two Illinois appellate court

decisions have granted land trust beneficiaries standing in litigation where it "involved [their]

rights and liabilities with respect to management and control, use, or possession of the property

pursuant to the trust agreement." *Azar v. Old Willow Falls Condo Ass'n*, 228 Ill. App. 3d 753,

756, 593 N.E.2d 583, 586 (1st Dist. 1992). *See also Dep't of Conservation v. Franzen*, 43 Ill.

App. 3d 374, 380, 356 N.E.2d 1245, 1250 (2nd Dist. 1976). Beneficiaries have been granted

standing in litigation where it is shown that the trustee cannot adequately protect the

beneficiaries' interests. *Id. See also Chicago Title v. Exchange Nat'l Bank*, 19 Ill. App. 3d 565,

569, 312 N.E.2d 11, 16 (2nd Dist. 1974) ("The land trust beneficiary in possession need not be

joined as a necessary party to the foreclosure if the trustee can fully protect the beneficiary's

interest."). However, in the case before the court, Chicago Title is now a plaintiff, and no

allegation is made that Chicago Title cannot effectively protect the Trustee's interest. *See*

*Starnes v. Premier Trust Serv., Inc.*, 1993 WL 8771*3 (N.D. Ill. Mar. 26, 1993) (court dismissed

land trust beneficiary's quiet title action on a motion to dismiss since she lacked legal title to the

property and had not alleged "what particular beneficial interests [were] at stake or would not be

protected by [land trustee] in an action to quiet title."). Accordingly, this court will recommend

---

 [3] An additional problem for the Trustee is that Valarie has not been in possession of the
property since March of 2002. *See Hartzer v. Wieland*, 1988 WL 56192, *1 (N.D. Ill. 1988) ("In
the present case, plaintiff's complaint alleges that the subject property had been conveyed to a
third party-prior to the commencement of this action. Since plaintiff was not in possession of the
real estate when this suit was filed, the equitable remedy sought by defendant to quiet title is
improper.").

to the District Court that count I be dismissed to the extent it asserts a cause of action by the Trustee on behalf of the bankruptcy estate.

The Court declines to recommend dismissal of count I as brought by the Trustee on behalf of Chicago Title. On the face of the complaint, the allegations asserted on Chicago Title's behalf in count I are sufficiently pled. To determine whether Valarie, and thus the Trustee in her place, *can* file suit on behalf of the land trustee, the court would have to review the land trust agreement. *See In re Estate of Bork*, 145 Ill. App. 3d 920, 926, 496 N.E.2d 329, 333 (2nd Dist. 1986) ("The relationship between the trustee, the beneficiaries, and the holder of the power of direction is determined by the documents comprising the trust agreement, including any amendments to the trust agreement effectuated by assignment or otherwise."). While the land trust agreement is mentioned several times in the complaint, it was not attached as an exhibit nor incorporated therein. Therefore, for the purposes of resolving a Rule 12(b)(6) motion to dismiss, the court may not consider it without technically converting the matter into a motion for summary judgment. *See Doe v. First Nat'l Bank of Chicago*, 865 F.2d 864, 873 (7th Cir. 1989). Accordingly, the bank's motion to dismiss count I as asserted on behalf of Chicago Title should be denied.

The absence of legal title also forecloses the Trustee from pursuing the ejectment action in count II on behalf of the estate. The purpose of an ejectment action is to determine who holds legal title to the property. Although there is apparently a dispute about whether Chicago Title or one of the many succeeding "purchasers" of the property owns the property, the Trustee admits that she and Valarie hold no legal title to the property. Nor does the prayer for relief request that legal title to the property be vested in the Trustee. Rather, the prayer for relief requests an order that Chicago Title "is in fact the legal title holder to the Property." *(*Pl. Fifth Am. Complaint, at ¶ 45G). Accordingly, this court will also recommend to the District Court that count II be

dismissed to the extent it asserts a cause of action by the Trustee on behalf of the bankruptcy estate.

Once again, given federal notice pleading rules, and because of the allegation that Chicago Title holds legal title to the property, the Trustee should be entitled to go forward with an ejectment action on behalf of Chicago Title. Accordingly, this court will recommend that the motion to dismiss count II be denied to the extent the Trustee is suing on behalf of Chicago Title.

### III. Cross-Motions for Summary Judgment

Having recommended dismissal of Plaintiffs Bowden and Brown for lack of subject matter jurisdiction, and having recommended dismissal of the Trustee's claims in counts I and II on behalf of the bankruptcy estate, the only inquiries left for this court to address involve the parties' cross-motions for summary judgment regarding counts I and II, as pursued by the Trustee on behalf of Chicago Title. Although these counts may have technically survived dismissal under Rule 12(b)(6), they cannot escape their inevitable fate when viewed within the context of a motion for summary judgment.

Founders Bank offers a statement in its brief that it is not possible for suit to be brought on behalf of the land trustee, but it fails to point toward anything in the trust agreement or case law for support. While the court could not turn to the trust agreement for the purposes of Founders Bank's motion to dismiss without converting the motion into one for summary judgment, the court may now review the land trust agreement which was provided by the Trustee in support of her own motion for summary judgment, to resolve the issue here.

The trust agreement provides, among other things, that "[t]he beneficiaries are not the agents of the trustee for any purpose and do not have any authority to contract or to execute leases *or do any other act for or in the name of the trustee* or to obligate the trustee personally or as trustee." (*Pl. Ex. 5,* at ¶ 14) (emphasis added). "Any other act" is clearly broad enough to

18

encompass filing suit  Thus, by the terms of the agreement, Valarie (and thus the Trustee) is not empowered to act on Chicago Title's behalf. "[A] beneficiary, who chooses the advantage of the land trust form of ownership, may not also act contrary to the terms of the trust agreement as if he had legal and equitable title when it suits his convenience." *Starnes v. Premier Trust Serv., Inc.*, 1993 WL 8771*3 (N.D. Ill. Mar. 26, 1993) (citing *Dep't of Conservation v. Franzen*, 43 Ill. App. 3d 374, 380, 356 N.E.2d 1245, 1250 (2nd Dist. 1976). The boundaries of the relationship between the trust beneficiaries and the land trustee are defined by the land trust agreement. *See Bork*, 496 N.E.2d at 333. Valarie, and thus the Trustee, is therefore contractually prohibited from pursuing causes of actions on behalf of Chicago Title. Accordingly, this court will recommend to the District Court that Founder's Bank's motion for summary judgment on counts I and II be granted.

## CONCLUSION

For the reasons stated herein, the court *sua sponte* concludes that Plaintiffs Nicole Bowden and Claudia Brown should be dismissed for lack of subject matter jurisdiction. Founders Bank's motion to dismiss counts I and II of the complaint should be granted to the extent the Trustee is asserting claims on behalf of the bankruptcy estate. It should be denied to the extent the Trustee asserts claims on behalf of Chicago Title. The Trustee's victory is short-lived, because the court recommends that Founders Bank's motion for summary judgment be granted regarding all remaining claims of the Trustee in both counts. Further, the Trustee's motion for summary judgment should be denied.

Counts I and II should go forward with Chicago Title as the only plaintiff. Counts III through VII should also go forward at this time.

DATE: *Nov. 28, 2006*                    ENTERED:

*Bruce W. Black*

Bruce W. Black

United States Bankruptcy Judge